**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

**UNITED STATES OF AMERICA:**

**V.**                                                              **Criminal No. 16-209**

**FLORES-MARAVILLA, Daniel O., et al.,**

     **Defendants.**

**MOTION TO SEVER COUNTS**

Comes now Daniel Flores-Maravilla, by counsel, and moves this Court for an Order Severing Counts in this matter and in support hereof states as follows:

**1.   Background:**

The United States has charged Mr. Maravilla in a nine-count indictment that alleges Conspiracy to Commit Kidnapping and Kidnapping resulting in Death.  The government alleges that the Defendant conspired with others to kidnap and kill another individual. If convicted, Mr. Maravilla faces a life sentence in prison with no parole. The government has charged other codefendants with the same substantive counts while other codefendants have been charged with extortion and other crimes which bear no relationship whatsoever to the kidnapping charges.

**2.   Law:**

Rule 8 of the Federal Rules of Criminal Procedure ("FRCrP") provides that two or more offenses may be charged in the same indictment only if they "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." FRCrP 8(a). "Misjoinder under Rule 8 is prejudicial per se and if the limits of the rule are exceeded, severance is mandatory." United States v. Kabbaby, 672 F.2d 857, 860 (11th Cir. 1982).

The determination of the legal question of whether or not joinder is proper under Rule 8(a)'s requirement of the "same series of acts or transactions" must be based on a finding that there is a substantial identity of facts and participants between the events charged. Under this standard, joinder of the two sets of counts is not proper. The counts here relate to completely separate allegations.

Even if the Court found that joinder of the counts is not prejudicial per se under Rule 8(a), the prejudicial effect of joining the counts requires severance. Under FRCrP 14, "[i]f it appears that a defendant . . . is prejudiced by a joinder of offenses . . . the court may order an election or separate trial of counts . . . ." The primary concern of the court is whether the jury will be able to segregate the evidence applicable to each count. Severance is required where the defenses are so inconsistent as to essentially confuse the jury. See, e.g., United States v. Najjar, 300 F.3d 466, 474 (4th Cir.), cert denied, 537 U.S. 1094 (2002).

Severance is mandated in this case because of the prejudicial effect that joinder would have. One circuit has recognized that "[t]here is a 'high risk of undue prejudice whenever . . . joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible." See United States v. Daniels, 770 F.2d 1111 (D.C. Cir. 1985); United States v. Lewis, 787 F.2d 1318, 1321 (9th Cir 1986). This is so because the use of other crimes evidence pursuant to Rule 404(b) is discouraged:

> Our reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is. Under our system, an individual may be convicted only for the offense of which he is charged and not for other unrelated criminal acts which he may have committed. Therefore, the guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant engaged in other acts of wrongdoing.
> Lewis, 787 F.2d at 1321.

**3. Argument:**

There is no evidence in this case that the purported victim's alleged kidnapping was accompanied by ransom demands or any other activity that could arguably be connected to the extortion charges.  The charges are not of the "same or similar character" and are not acts/transactions connected together or constituting parts of a common plan or scheme.

**4. Conclusion:**

Accordingly, Mr. Maravilla moves this Court for an Order granting the herein Motion for Severance of Counts.


Respectfully submitted,
Daniel O. Flores-Maravilla
By Counsel

_____/s/_____
Paul P. Vangellow, Esq.
VSB#23488
Paul P. Vangellow, P.C.
Attorney for Daniel O. Flores-Maravilla
6109A Arlington Blvd.
Falls Church, VA  22044
(703) 241-0506
fx: (703) 241-0886
pvangellow@gmail.com


_____/s/_____
ANDREW M. STEWART, ESQ.
Virginia State Bar No. 68683
Attorney for the Daniel O. Flores-Maravilla
2045 North 15th Street, Suite 200
Arlington, VA 22201
Phone: 703-248-0626
Fax: 703-248-8971
andrew.m.stewart.esq@gmail.com

CERTIFICATE OF SERVICE

      This is to certify that a true copy of the foregoing was served by ECF, email, fax, hand-delivery, and/or first class mail, postage prepaid to:

          Patricia T. Giles, Esq.
          Tobias Tobler, Esq.
          Morris Parker, Esq.
          Asst. U.S. Attorney
          2110 Jamieson Street
          Alexandria, VA  22314

Date: _____

          _____/s/_____
          Paul P. Vangellow, Esq.
          VSB#23488
          Paul P. Vangellow, PC
          Attorney for Daniel O. Flores-Maravilla
          6109A Arlington Blvd.
          Falls Church, VA  22044
          (703) 241-0506
          fx: (703) 241-0886
          pvangellow@verizon.net

          _____/s/_____
          ANDREW M. STEWART, ESQ.
          Virginia State Bar No. 68683
          Attorney for the Daniel O. Flores-Maravilla
          2045 North 15th Street, Suite 200
          Arlington, VA 22201
          Phone: 703-248-0626
          Fax: 703-248-8971
          andrew.m.stewart.esq@gmail.com