**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

**UNITED STATES OF AMERICA**

v.  Criminal No. 16-209

**FLORES-MARAVILLA, Daniel, et al.,**

    **Defendants.**

### MOTION TO SEVER DEFENDANTS

Comes now Daniel Flores-Maravilla, by counsel, and moves this Court for an Order Severing Counts in this matter and in support hereof states as follows:

1. **Background:**

The United States has charged Mr. Maravilla in a nine-count indictment that alleges Conspiracy to Commit Kidnapping and Kidnapping resulting in Death. The government alleges that the Defendant conspired with others to kidnap and kill another individual. If convicted, Mr. Maravilla faces a life sentence in prison with no parole. The government has charged other codefendants with the same substantive counts while other codefendants have been charged with extortion and other crimes which bear no relationship whatsoever to the kidnapping charges.

2. **Law/Argument:**

Under Rule 14 of the Federal Rule of Criminal Procedure, severance for prejudicial joinder is discretionary. See e.g., United States v. Blair, 661 F.3d 755, at 770, citing United States v. Cardwell, 433 F.3d at 378 (4th Cir 2005). If it appears that a joint trial would compromise a defendant's specific trial right (Zafiro v. United States, 506 U.S. 534, 539 (1993)) or result in actual prejudice to the Defendant (United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995)).

Maravilla's trial should be severed from that of the co-defendants for at least two reasons: the jury may find the defendant guilty by association; and, there may be Bruton problems with any statements made by co-defendants and/or co-conspirators.

**1. The Jury May Find The Defendant Guilty by Association.**

It is extraordinarily difficult for a jury to follow limiting instructions and to keep separate evidence that is relevant only to co-defendants. A co-defendant in a conspiracy trial is in a dangerously precarious position. There generally will be evidence of wrongdoing by somebody. It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe him guilty by association. Krulewitch v. United States, 336 U.S. 440, 454 (1949). The weight of the evidence as to each co-defendant is not clear at this time and any spillover effect on Flores-Maravilla from evidence pertaining to others could make it impossible for him to receive a fair trial.

**2. Potential Bruton problems exist and a severance granted to avoid them.**

It is clear from discovery that there likely will exist many Bruton problems. This motion is made in an effort to resolve any such issues pretrial so that the court may grant a severance if necessary. Federal Rule of Evidence 801(d)(2)(A) provides that a statement by an opposing party is not hearsay when it is "offered against an opposing party and . . . was made by the party in an individual or representative capacity. . . ." The government may introduce a defendant's statement against him at trial but Constitutional restraints are implicated in the use of such statements in a multi-defendant trial.

The Sixth Amendment Confrontation Clause guarantees the right of a criminal defendant "to be confronted with the witnesses against him" and includes the right to cross-examine witnesses. Richardson v. Marsh, 481 U.S. 200, 206 (1987). A defendant's Confrontation Clause rights are

violated in a joint trial situation when a co-defendant's confession that facially incriminates the defendant is admitted even with a jury instruction that the confession was only to be considered against the codefendant. Bruton v. United States, 391 U.S. 123, 125-26 (1968).

In Bruton, the Court reasoned that a limiting jury instruction could not overcome the "powerfully incriminating extrajudicial statement" naming the defendant. Id. at 135-36. However, the defendant's Confrontation Clause rights are not violated if the trial court admits a redacted statement that omits all reference to both the defendant and to the fact that anyone other than the co-defendant and a third person committed the crime, as well as a limiting instruction. Richardson, 481 U.S. at 201-02. Importantly, it is not the fact of redaction alone that is sufficient to withstand a Bruton challenge but rather the manner and extent of any proposed redaction.

In Gray v. Maryland, 523 U.S. 185, 192 (1998), the Court ruled that the redaction of the confession of a non-testifying co-defendant by replacing the defendant's name with an obvious indication of deletion violates Bruton. The Court explained that Bruton applies where the inferences "involve statements that, despite redaction, obviously refer directly to someone, often obviously the defendant, and which involve inferences that a jury ordinarily could make immediately, even were the confession the very first item introduced at trial." Id. at 196. The redacted confession in Gray referred to the "existence" of the nonconfessing defendant unlike the redacted confession in Richardson. Id.

Subsequent to the Bruton-Richardson-Gray line of cases, the Supreme Court in, a single-defendant case, held that admission of testimonial hearsay against a defendant violates the Confrontation Clause unless the witness is unavailable and the defendant against whom the statement is offered has not had an opportunity to cross-examine the witness. Crawford v. Washington, 541 U.S. 36 (2004).

The parties have informally agreed that proffered Bruton statements will be produced on or about January 5, 2018 for examination by the defense. We assume without knowing at this juncture, that such statements are testimonial. We presume that the United States will not offer "any statements of co-defendants that reference a defendant by name or otherwise facially implicate a defendant."

However, Defendant submits that the introduction of any testimonial statement of a non-testifying defendant, whether or not inculpatory, violates a co-defendant's rights under Crawford. In United States v. Nguyen, 565 F.3d 668 (9th Cir. 2008), the Government had initially planned to introduce a co-defendant's statement and had offered to redact the portion specifically naming the defendant. Subsequently, a co-defendant actually introduced it and did so in an unredacted form. The court found that a Confrontation Clause issue arose regardless of which party introduced the statement and that the admission violated Crawford whether the statement was inculpatory or not. In a footnote, the court cited Bruton in rejecting the Government's argument that the limiting instruction given by the district court rendered any error admitting the statement harmless:

> In Bruton, the Court held that a case of the admission of a confession that implicates a co-defendant and where the co-defendant cannot cross-examine the confessor was a situation "in which the risk that the jury will not, or cannot, follow the instructions is so great . . . that the practical human limitations of the jury system cannot be ignored."
> Id. at 675 n.3 (citing Bruton, 391 U.S. at 135).

Because the statement expressly implicated the defendant, the court did not have to engage in a Richardson or Gray analysis and proceeded with a Crawford analysis instead.

In this case, any co-defendant's statements, even if redacted would implicate other defendants, either facially or inferentially. Further any limiting instruction directing the jury to consider the statement only as evidence of the speaker's knowledge would be insufficient to satisfy

4

the requirements of the Bruton-Richardson-Gray line of cases and ensure that the other defendants' rights of confrontation were not violated.

### 3. CONCLUSION

Joinder of the defendants' cases will likely deprive Mr. Flores-Maravilla of the presumption of innocence by increasing the likelihood that a jury could find him guilty by association. Moreover, the co-defendants' statements could pose Bruton problems.

It is therefore respectfully requested that Mr. Flores-Maravilla's be severed from the co-defendants' for all further proceedings.

Respectfully submitted,
Daniel O. Flores-Maravilla
By Counsel

_____/s/_____
Paul P. Vangellow, Esq.
VSB#23488
Paul P. Vangellow, P.C.
Attorney for Daniel O. Flores-Maravilla
6109A Arlington Blvd.
Falls Church, VA  22044
(703) 241-0506
fx: (703) 241-0886
pvangellow@gmail.com

_____/s/_____
ANDREW M. STEWART, ESQ.
Virginia State Bar No. 68683
Attorney for the Daniel O. Flores-Maravilla
2045 North 15th Street, Suite 200
Arlington, VA 22201
Phone: 703-248-0626
Fax: 703-248-8971
andrew.m.stewart.esq@gmail.com

CERTIFICATE OF SERVICE

    This is to certify that a true copy of the foregoing was served by ECF, email, fax, hand-delivery, and/or first class mail, postage prepaid to:

    Patricia T. Giles, Esq.
    Tobias Tobler, Esq.
    Morris Parker, Esq.
    Asst. U.S. Attorney
    2110 Jamieson Street
    Alexandria, VA  22314

Date: _____                    _____/s/_____
                                                Paul P. Vangellow, Esq.
                                                VSB#23488
                                                Paul P. Vangellow, PC
                                                Attorney for Daniel O. Flores-Maravilla
                                                6109A Arlington Blvd.
                                                Falls Church, VA  22044
                                                (703) 241-0506
                                                fx: (703) 241-0886
                                                pvangellow@verizon.net

                                                _____/s/_____
                                                ANDREW M. STEWART, ESQ.
                                                Virginia State Bar No. 68683
                                                Attorney for the Daniel O. Flores-Maravilla
                                                2045 North 15th Street, Suite 200
                                                Arlington, VA 22201
                                                Phone: 703-248-0626
                                                Fax: 703-248-8971
                                                andrew.m.stewart.esq@gmail.com