IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 1:16cr209-LO |
| | ) | |
| DANIEL O. FLORES-MARAVILLA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE EXPERT DESIGNATION OUT OF TIME**

The United States of America, by and through undersigned counsel, opposes the Motion for Leave to File Expert Designation Out of Time and Proposed Expert Designation filed by Defendant Daniel O. Flores-Maravilla. Defendant Flores-Maravilla moves this Court for leave to admit a statement that was made available to the defendant during discovery well in advance of trial. The proposed statement moreover is inadmissible hearsay that Defendant Flores-Maravilla is attempting to introduce through an expert.

In his motion, Defendant Flores-Maravilla proposes to call a sergeant with the Leesburg Police Department to testify to the contents of a statement that the murder victim made to the victim's own mother. The police sergeant was not present for the conversation. During the course of the investigation into the murder victim's whereabouts, the police sergeant spoke with the victim's mother days after the victim went missing. According to the police sergeant, the victim's mother stated that the victim had told her that he was going to church. The defendant proposes calling the police sergeant as a witness to testify to the victim's statement to his mother that he was going to church.

1

Defendant Flores-Maravilla has had the information about what the victim's mother told the Leesburg Police sergeant for several months. On July 26, 2017, the government provided the defense with the affidavit containing the statement by the mother to the police sergeant. On December 22, 2017, the government provided the defense with expert notice and discovery, which included prior transcripts of Sergeant Saa. In those transcripts, Sergeant Saa testified regarding the meaning of the word "misa." If this issue were relevant, which the government does not concede, defense counsel has had this information well in advance of trial. Flores-Maravilla has failed to demonstrate the basis for this late-filed motion.

The proposed statement is irrelevant. The statement to the police sergeant by the victim's mother has no bearing on what transpired during the kidnapping and murder of the victim. Nothing in that statement explains or justifies the actions of the gang members who kidnapped and murdered the victim.

The statement by the victim's mother to the police sergeant is also inadmissible double hearsay. The proposed testimony is an out-of-court statement by the murder victim to his mother, which was later communicated by the mother to the sergeant. Flores-Maravilla proposes to admit this statement for its truth, and to ask the sergeant about its meaning. The statement does not fall within any hearsay exceptions under Rule 803 or Rule 804 of the Federal Rules of Evidence.

The statement is also inadmissible as the basis of expert testimony. Experts may base their opinions on inadmissible hearsay. Fed. R. Evid. 703. The Confrontation Clause, however, prohibits an expert from testifying to the substance of a hearsay statement where the statement is offered for the truth of the matter asserted. *United States v. Lombardozzi*, 491 F.3d 61, 72 (2d

Cir. 2007). An expert cannot serve merely as a transmitter for testimonial hearsay. *United States v. Johnson,* 587 F.3d 625, 635 (4th Cir. 2009).

      For the foregoing reasons, Defendant Flores-Maravilla's Motion for Leave should be denied.

                              Respectfully submitted,

                              Tracy Doherty-McCormick
                              Acting United States Attorney

By:         /s/
                              Morris R. Parker, Jr.
                              Patricia T. Giles
                              Tobias Tobler
                              Assistant United States Attorneys
                              Office of the United States Attorney
                              Eastern District of Virginia
                              2100 Jamieson Avenue
                              Alexandria, Virginia 22314
                              morris.parker@usdoj.gov

## **CERTIFICATE OF SERVICE**

This is to certify that a true copy of this Opposition was served via the CM/ECF system, on this date, February 19, 2018, which automatically generated a notice of electronic filing (NEF) to counsel of record.

                                                 /s/
Morris R. Parker, Jr.
Assistant United States Attorney
Office of the United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
morris.parker@usdoj.gov