IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 1:16-cr-209 |
| ) | Hon. Liam O'Grady |
| VIERA-GONZALEZ, et al., ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

## ORDER

This matter comes before the Court on several motions by Defendant Daniel O. Flores-Maravilla. On February 16, 2018, Defendant filed a Motion for Leave to File Expert Designation Out of Time and Proposed Expert Designation (Dkt. 365). On February 18, 2018, he filed an Amended Motion addressing the same issue (Dkt. 366). Finally, on February 19, 2018, he filed a Proffer of certain evidence pursuant to Federal Rules of Evidence 803(3) and 103(a)(2). *See* Dkt. 368.

Through these motions, Defendant Flores-Maravilla seeks leave to call Sergeant Christopher Vogel as an expert witness. *See* Dkt. 366. Sgt. Vogel would testify that he learned of a statement made by the victim, Carlos Otero-Henriquez, from the victim's mother, Ms. Otero. *Id.* Sgt. Vogel would testify that Ms. Otero told him that Mr. Otero-Henriquez told a roommate that Mr. Otero-Henriquez was "going to church." *See id.* at 1-2; *see* Dkt. 366-2 at 7.[1] Sgt. Vogel

---

[1] Defendant describes the statement at issue as "made by Otero to his mother." *See* Dkt. 366 at 1. However, Sgt. Vogel's Affidavit in Support of a Search Warrant, attached by Defendant as Exhibit 2, states that Mr. Otero-Henriquez "spoke to his mother and advised her that he was going to go out, but did not tell her where he was going or who he was going with." *See* Dkt. 366-2. The affidavit continues, "Otero-Henriquez did come by the apartment and spoke to a roommate, [redacted], Otero-Henriquez told [redacted] that he was 'going to church' but was no more specific than that. His mother advised [the Leesburg Police Department] when taking the report that her son does not go to church, and that he is 'not the type' that would go." Dkt. 366-2. The Court will be guided by the

1

would testify that from his training and experience, the phrase "going to church" can indicate attendance at a gang meeting or similar event, and he would testify as to other gang dynamics with which he has become familiar during the course of his law enforcement career. Dkt. 366 at 2. Defendant also seeks to admit certain Facebook posts and Mr. Otero-Henriquez's asylum application to demonstrate that Mr. Otero-Henriquez was a member of the 18th Street gang and had been threatened by MS-13. *See* Dkt. 368. Defense counsel argues that Sgt. Vogel's testimony about Mr. Otero-Henriquez's statement, in conjunction with the Facebook posts and asylum application, would suggest that Mr. Otero-Henriquez was not tricked into entering the car with defendants on the night of May 21, 2016, but rather knowingly joined them with the purpose of conducting counter-surveillance against MS-13.

First, the Court does not find that the statement, the Facebook excerpts, or the asylum application are relevant. Evidence is relevant if it has any tendency to make a fact of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. Although relevance typically presents a low barrier to admissibility, evidence must be "worth consideration by the jury," or have a "plus value," to be admissible. *See United States v. Leftenant*, 341 F.3d 338, 346 (4th Cir. 2003).

Here, the Court has reviewed the affidavit in support of the search warrant, the Facebook posts, and the asylum application. *See* Dkt. 366-2; Dkt. 368-1; Dkt. 368-2. The Court has also heard counsel's arguments on several occasions. Having reviewed the evidence and considered the matter, the Court finds that the connection between the statement, the Facebook excerpts, and the asylum application and the circumstances they are offered to establish is too attenuated to make the evidence relevant. Counsel's conclusion that Mr. Otero-Henriquez felt threatened by

---

affidavit, not parties' characterizations of it, and therefore concludes that Sgt. Vogel would offer testimony regarding what Ms. Otero heard Mr. Otero-Henriquez tell the roommate.

MS-13 and intended to investigate the rival gang on the night of May 21, 2016 is simply too speculative to be presented to the jury.

Moreover, even if relevant, Sgt. Vogel's testimony would constitute inadmissible double hearsay. Sgt. Vogel would testify to an out-of-court statement made by Mr. Otero-Henriquez to a roommate, which Ms. Otero subsequently communicated to Sgt. Vogel. Defendant seeks to admit the statement for the truth of the matter asserted, specifically that Mr. Otero-Henriquez was "going to church," i.e., going to a gang meeting or similar event. Defendant argues that the hearsay is admissible under the exception provided in Federal Rule of Evidence 803(3), which addresses statements of a declarant's then-existing state of mind. *See* Dkt. 368 at 3 (citing *Mut. Life Ins. Co. of N.Y. v. Hillmon*, 145 U.S. 285, 296 (1892)).

However, Sgt. Vogel would not testify to a statement made to Sgt. Vogel by Mr. Otero-Henriquez, in which case the Court might find the state of mind exception appropriate. Rather, Sgt. Vogel would offer double hearsay; he would testify to a statement made by Ms. Otero regarding a statement Mr. Otero-Henriquez made to a roommate, which Ms. Otero allegedly overheard. As to Ms. Otero's statement, the state of mind exception does not apply. Moreover, Ms. Otero herself testified on cross-examination that she did not recall Mr. Otero-Henriquez's statement regarding "going to church." *See* Dkt. 368 at 3. In short, Sgt. Vogel's testimony is impermissible.

The statement is also inadmissible as the basis of expert testimony. An expert may not testify to the substance of a hearsay statement where the statement is offered for the truth of the matter asserted. *See United States v. Johnson*, 587 F.3d 625, 635 (4th Cir. 2009); *United States v. Lombardozzi*, 491 F.3d 61, 72 (2nd Cir. 2007). Here, as explained above, the hearsay statement

would be offered for the truth of the matter asserted: that Mr. Otero-Henriquez said he was "going to church," as a way of indicating his intent to attend a gang event.

Finally, the Motion for Leave to File Expert Designation is untimely. Defendant Flores-Maravilla has been aware of what Ms. Otero said to Sgt. Vogel since July 26, 2017, and received discovery containing information regarding the meaning of the word "misa" in December of 2017. *See* Dkt. 367 at 2. Defense counsel does not contradict this fact. The Court ordered that expert disclosures be made 45 days prior to trial. *See* Dkt. 210. Trial began on February 5, 2018, and Defendant Flores-Maravilla's motion was not filed until February 16, 2018. *See* Dkt. 365. Defense counsel has not provided an explanation for the untimely nature of his motion.

For these reasons and for good cause shown, Defendant's Motions (Dkt. 365; Dkt. 366; Dkt. 368) are **DENIED**. Sgt. Vogel may not be designated as an expert witness. The Facebook excerpts and immigration file excerpts may not be admitted.

It is **SO ORDERED**.

March 12 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge